```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :    INDICTMENT

          -v.-                    :
                                       S3 06 Cr. 987 (DC)
ANGEL MARTINEZ,                   :
  a/k/a "Druggie Lou,"
GEORGE TORRES,                    :
  a/k/a "Geo,"
MARC FALU,                        :
LUIS DONES,
  a/k/a "Louie Lou,"              :
ALBERT SOTO, and
RICARDO MELENDEZ,                 :
  a/k/a "Funny,"
                                  :
          Defendants.
- - - - - - - - - - - - - - - - x
```



## COUNT ONE

The Grand Jury charges:

1.   From in or about 1991, up to and including in or about November 2006, in the Southern District of New York and elsewhere, ANGEL MARTINEZ, a/k/a "Druggie Lou," MARC FALU, LUIS DONES, a/k/a "Louie Lou," ALBERT SOTO, RICARDO MELENDEZ, a/k/a "Funny," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2.   It was a part and an object of the conspiracy that ANGEL MARTINEZ, a/k/a "Druggie Lou," MARC FALU, LUIS DONES, a/k/a "Louie Lou," ALBERT SOTO, RICARDO MELENDEZ, a/k/a "Funny," the defendants, and others known and unknown, would and did

distribute and possess with intent to distribute a controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base in a form commonly known as "crack," in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

### Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about January 24, 2006, ANGEL MARTINEZ, a/k/a "Druggie Lou," the defendant, met with a witness cooperating with the Government (the "CW") in an apartment in the vicinity of 1212 Havemeyer Avenue in the Bronx, New York, and MARTINEZ provided the CW with approximately 12 grams of crack cocaine.

    b. On or about April 5, 2006, MARC FALU, the defendant, agreed to provide the CW with approximately 62 grams of crack cocaine in the Bronx, New York.

    c. On or about January 18, 2006, LUIS DONES, a/k/a "Louie Lou," the defendant, provided the CW with approximately 8.6 grams of crack cocaine in the Bronx, New York.

    d. On or about February 14, 2006, ALBERT SOTO, the defendant, sold crack cocaine in the vicinity of 1170 Gerard Avenue in the Bronx, New York.

    e. On or about February 20, 2006, RICARDO MELENDEZ, a/k/a "Funny," the defendant, sold crack cocaine to two individuals in the vicinity of 1170 Gerard Avenue in the Bronx, New York.

    (Title 21, United States Code, Section 846.)

### COUNT TWO

  The Grand Jury further charges:

  4. On or about November 2, 1992, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, to wit, the narcotics conspiracy charged in Count One of this Indictment, ANGEL MARTINEZ, a/k/a "Druggie Lou," and GEORGE TORRES, a/k/a "Geo," the defendants, and others known and unknown, unlawfully, intentionally, and knowingly killed, and counseled, commanded, induced, procured, and caused the intentional killing of Herbert Ortiz in the vicinity of River Avenue and McClellan Street, Bronx, New York.

    (Title 21, United States Code, Section 848(e)(1)(A);
    and Title 18, United States Code, Section 2.)

**SPECIAL FINDINGS AS TO ANGEL MARTINEZ**

5. As to Count Two of the Indictment, alleging the murder of Herbert Ortiz in connection with a drug trafficking crime, the defendant ANGEL MARTINEZ:

   a. was 18 years of age or older at the time of the offense;

   b. intentionally killed Herbert Ortiz (Title 18, United States Code, Section 3591(a)(2)(A));

   c. intentionally inflicted serious bodily injury that resulted in the death of Herbert Ortiz (Title 18, United States Code, Section 3591(a)(2)(B));

   d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Herbert Ortiz died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

   e. intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Herbert Ortiz died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

4

f.   in the commission of the offense or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)).

### SPECIAL FINDINGS AS TO GEORGE TORRES

6.   As to Count Two of the Indictment, alleging the murder of Herbert Ortiz in connection with a drug trafficking crime, the defendant GEORGE TORRES:

a.   was 18 years of age or older at the time of the offense;

b.   intentionally killed Herbert Ortiz (Title 18, United States Code, Section 3591(a)(2)(A));

c.   intentionally inflicted serious bodily injury that resulted in the death of Herbert Ortiz (Title 18, United States Code, Section 3591(a)(2)(B));

d.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Herbert Ortiz died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

e.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of

5

death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Herbert Ortiz died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

      f.   had previously been convicted of a state offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in section 921) against another person (Title 18, United States Code, Section 3592(c)(2)); and

      g.   in the commission of the offense or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)).

### Forfeiture Allegation

7. As a result of committing the controlled substance offense alleged in Count One of this Indictment, ANGEL MARTINEZ, a/k/a "Druggie Lou," MARC FALU, LUIS DONES, a/k/a "Louie Lou," ALBERT SOTO, RICARDO MELENDEZ, a/k/a "Funny," the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. §§ 853 and 970, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or

intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment.

### Substitute Asset Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of ANGEL MARTINEZ, a/k/a "Druggie Lou," MARC FALU, LUIS DONES, a/k/a "Louie Lou," ALBERT SOTO, RICARDO MELENDEZ, a/k/a "Funny," the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of ANGEL MARTINEZ, a/k/a "Druggie Lou," MARC FALU, LUIS DONES, a/k/a "Louie Lou," ALBERT SOTO, RICARDO MELENDEZ, a/k/a "Funny," the

defendants, up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 853 and 970).

_____   _____
FOREPERSON                        MICHAEL J. GARCIA
                                  United States Attorney

```
Form No. USA-33s-274 (Ed. 9-25-58)
```

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

- v -

ANGEL MARTINEZ,
a/k/a "Druggie Lou,"
GEORGE TORRES,
a/k/a "Geo,"
MARC FALU,
LUIS DONES,
a/k/a "Louie Lou,"
ALBERT SOTO, and
RICARDO MELENDEZ,
a/k/a "Funny,"

Defendants.

### INDICTMENT

S3 06 Cr. 987 (DC)

(Title 21, United States Code,
Section 846)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
                    Foreperson.

10/17/07  Filed Indictment.    Pitman
                                U.S.M.J.