UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA            :

         - v -                     :        **MEMORANDUM DECISION**

GEORGE TORRES,                      :        06 Cr. 987-07 (DC)

        Defendant.                  :

------------------------------------x

APPEARANCES:        GEORGE TORRES
                  Defendant *Pro Se*
                  P.O. Box 33
                  Terra Haute, Indiana 47808

CHIN, Circuit Judge:

        On August 20, 2009, defendant George Torres pled guilty to murder in violation of 21 U.S.C. § 848(e). Dkt. Entry of August 20, 2009. I sentenced him on September 15, 2011 to 288 months' imprisonment and a period of supervised release of life. Dkt. Entry of September 15, 2011. On February 26, 2013, I granted Torres's motion to correct the judgment to reduce the period of supervised release to five years. Dkt. 135. On November 7, 2023, Torres, proceeding *pro se*, filed the instant motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the Sentencing Guidelines. Dkt. No. 176. For the reasons set out below, the motion is DENIED.

        Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on

a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." *United States v. Elendu*, No. 20 CR 179-14 (DLC), 2024 WL 458643, at *2 (S.D.N.Y. Feb. 6, 2024) (citing *United States v. Martin*, 974 F.3d 124, 136, 139 (2d Cir. 2020)). To do so, the court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.1Q(b)(1)). If the defendant is eligible for a sentence reduction, "'a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' which are contained in U.S.S.G. § 1B1.10." *Elendu*, 2024 WL 458643, at *2 (quoting *Martin*, 974 F.3d at 136).

Section 1B1.10(a)(2)(B) provides, however, that "[a] reduction in the defendant's term of imprisonment. . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). And § 1B1.10(b)(2)(A) provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2). . . . to a term that is less than the minimum of the amended guideline range." *Id.* § 1B1.10(b)(2)(A). "Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the

2

amended Guidelines range, that defendant is ineligible for a reduction under Section 3582(c)(2)." *United States v. Ross*, No. 15 CR. 95 (JPC), 2024 WL 149130, at *1 (S.D.N.Y. Jan. 12, 2024).

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. *See* U.S.S.G. § 1B1.10(d). Part A of the Amendment addresses "status points," which refer to two additional points added to an offender's sentence if the offender committed the instant federal offense while still serving a sentence in another case. *United States v. Burton*, No. 17-CR-480 (KMK), 2023 WL 9424903, at *1 (S.D.N.Y. Jan. 26, 2023). The Amendment decreases status points by one point for offenders with seven or more criminal history points and eliminates them altogether for offenders with six or less criminal history points. U.S.S.G. § 4A1.1(e). Part B of the Amendment provides a decrease of two offense levels for "Zero-Point Offenders" (offenders who have no criminal history points) and whose offense did not involve specific aggravating factors. *Id.* § 4C1.1.

At sentencing in this case, I accepted Probation's determination that Torres had a total number of six criminal history points -- a base level of four criminal history points, plus two status points added for committing the offense while on probation for a robbery conviction. Dkt. 176 at 6; Statement of Reasons. This established a Criminal History Level of III and a guideline range of 360 months to life.

3

*Id.*; Supplemental PSR. I sentenced Torres to a substantially below-guidelines sentence of 288 months. Supplemental PSR.

Turning to the instant motion, because Torres had more than zero criminal history points, Part B of the Amendment does not apply. Under Part A of the Amendment, however, Torres is entitled to an elimination of his status points because he has six or less criminal history points. Torres's total number of criminal history points thus becomes four. But according to the sentencing table at Chapter 5, Part A, four criminal history points still yields a Criminal History Level of III.

Accordingly, the guideline range that was applicable to Torres at the time of sentencing is the same guideline range that is in effect now. Further, Torres's sentence of 288 months' imprisonment fell below the low end of that amended range. Torres is therefore ineligible for a sentence reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Garcia*, No. 20 CR. 673 (JPC), 2024 WL 532447, at *2 (S.D.N.Y. Feb. 9, 2024) (finding that "[d]efendant [] is not eligible for a sentence reduction" where "ten criminal history points still would have placed [d]efendant in Criminal History Category V [and] [t]herefore, [defendant's] Guidelines range would have remained [the same]"); *see also id.* ("Defendant's sentence. . . . fell below the low end of this range. Defendant therefore is not eligible for a sentence reduction."). Moreover, because Torres is ineligible for a sentence reduction, this Court need not analyze the factors set forth in section 3553(a). *See id.*; *Ross*, 2024 WL 149130, at *2 (declining to analyze section

4

3353(a) factors where criminal history calculation alone established that defendant was ineligible for a sentence reduction.).

## CONCLUSION

For the reasons set forth above, Torres's motion is DENIED.

SO ORDERED.

Dated:   New York, New York
         February 14, 2024

                                    _____
                                    DENNY CHIN
                                    United States Circuit Judge
                                    Sitting by Designation

5